**TEXAS DEPARTMENT OF PUBLIC SAFETY, Appellant,**

v.

**Sonny Lee SATTERFIELD, Appellee.**

**No. 10–87–206–CV.**

Court of Appeals of Texas,
Waco.

July 14, 1988.

James M. Kuboviak, Co. Atty., Michael Hummell, Asst. Co. Atty., Bryan, for appellant.

Travis B. Bryan, III, Youngkin, Catlin, Bryan & Stacy, Bryan, for appellee.

OPINION

THOMAS, Justice.

The Texas Department of Public Safety (DPS) appeals from a default judgment entered in favor of Sonny Satterfield, appellee. The judgment will be reversed.

Satterfield's driver's license was suspended on August 19, 1987, after the court found that he had refused to submit to a breath test following his arrest for driving while intoxicated. He gave notice of appeal for a trial *de novo* on August 28, and the case was set for a hearing in the County Court at Law. The DPS filed an answer to Satterfield's petition on October 15, but failed to certify on the pleading that it had complied with Rule 72 by delivering or mailing a copy of its answer to Satterfield. *See* Tex.R.Civ.P. 72. Both parties stipulated that a copy of the answer had been mailed to Satterfield, but on October 16 the court struck DPS's answer and entered a default judgment in Satterfield's favor.

DPS contends in two points that the court erred when it struck the answer and entered a default judgment for Satterfield. *See* Tex.R.Civ.P. 73. DPS argues that it complied with Rule 72 by filing its answer with the court and mailing a copy to Satterfield's attorney. Because the requirements of Rule 72 were met, DPS asserts the court could not grant a default judgment. *See id.* Satterfield contends that DPS's answer did not comply with Rule 72 because it did not contain a certificate of service, and that the court was within its discretion when it struck the answer and entered the default judgment.

Rule 72 provides in pertinent part: "Whenever any party files ... any pleading ... the attorney or authorized representative of such attorney ... shall certify to the court on the filed pleading in writing over his personal signature ... that he has complied with the provisions of this rule." Tex.R.Civ.P. 72. The rule also provides that a copy of the pleading shall be delivered or mailed to the adverse party or his attorney of record. *Id.* Rule 73 gives the court the discretion to order a pleading stricken if "any party fails to furnish the adverse party with a copy of [such] pleading in accordance with [Rule 72]." Tex.R.Civ.P. 73.

The parties stipulated that DPS had mailed a copy of its answer to Satterfield in compliance with Rule 72. However, DPS failed to certify such action on the pleading

as required by Rule 72. The court has discretion under Rule 73 to strike a pleading only when a party fails to furnish the adverse party a copy of such pleading. It has no such discretion for the failure to certify on the pleading that a copy was furnished. Therefore, the court abused its discretion when it struck DPS's answer and entered a default judgment.

Points one and two are sustained, the judgment is reversed, and the cause remanded.